**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **FLEETONE FACTORING, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 3:12-cv-01079** |
| **INTERNATIONAL AIR CARGO, LLC,** **GIORGIO A. PETRUCCI and JIM DAVIS,** | |
| **Defendants.** | |

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

Fleetone Factoring, LLC ("Fleet One") submits this proposed initial case management order independently. None of the defendants has filed an answer in this proceeding, and the clerk of court has entered a default against Defendant Giorgio A. Petrucci. None of the defendants participated in the preparation of this proposed order, although Fleet One's counsel attempted to communicate with Mr. Davis and International Air Cargo, LLC ("IAC") and invite them to participate in the conference. Fleet One requests that the case management conference scheduled for Monday, April 15, 2013 at 2:15 p.m. proceed as scheduled to discuss some of the issues described below.

A.     JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs.

B.     BRIEF THEORIES OF THE PARTIES:

1.     PLAINTIFF:  Plaintiff Fleet One is in the business of purchasing account receivables from its client in exchange for a fee. After due diligence, Fleet One entered into two purchase agreements (one on December 6, 2011 and one on June 6, 2012) with

International Air Cargo, LLC ("IAC") pursuant to which Fleet One purchased certain IAC accounts receivable (collectively, the "Purchase Agreements"). Defendant Jim Davis, IAC's chief financial officer, was Fleet One's primary contact at IAC. Defendant Giorgio A. Petrucci executed both Purchase Agreements. After execution of the first Purchase Agreement, Defendant Petrucci executed a personal guaranty of all payments due to Fleet One and IAC purchased credit insurance to protect Fleet One as loss payee and beneficiary in the event any of the customer accounts defaulted.

Soon after execution of the second Purchase Agreement, Fleet One noticed suspicious activity related to the purchased accounts and confronted IAC in a demand letter alleging breach of the Purchase Agreement and fraud and demanding repayment. Fleet One then learned that the credit insurance company had received a forged letter purporting to come from Fleet One and removing Fleet One as beneficiary of the credit insurance policy. Subsequently, Fleet One received correspondence indicating that managers of IAC were redirecting payments from its purported customers and claiming that any agreements it had had with Fleet One were voided and terminated.

Fleet One alleges that the defendants breached their obligations under the Purchase Agreements by redirecting payment from IAC's 'customers' away from Fleet One. Defendant Petrucci breached his guaranty by failing to fulfill IAC's obligations since he received notice of the breach on August 2, 2012.

Fleet One alleges that the defendants committed fraud. The defendants made misrepresentations about the nature of IAC's business and its customers. Fleet One believes that the defendants established an elaborate system of e-mail domain names, mail forwarding services and telephone switch boards to cause Fleet One to believe it was

communicating with real companies that were IAC customers, when in fact it was not. Fleet One believes that the accounts were fictitious and intended to induce Fleet One to enter into the Purchase Agreements. Fleet One believes the defendants altered invoices with false and misleading information intended to defraud Fleet One and induce it to pay substantial sums under the Purchase Agreements. Fleet One also believes that the defendants sent the forged letter to the insurance company and thereby defrauded Fleet One of the rights and benefits it should have received under the credit insurance policy.

        2.      DEFENDANTS:

C.      ISSUES RESOLVED: None.

D.      ISSUES STILL IN DISPUTE: All.

E.      SERVICE: There are three defendants named in this case. The clerk of court has entered a default against Defendant Giorgio A. Petrucci because he failed to file an answer in this case. Defendants International Air Cargo, LLC and Jim Davis were served more recently and have not filed an answer. The defendants have engaged in very limited communication with Plaintiff's counsel. Defendant Petrucci sends only correspondence protesting that he is not "the" Giorgio A. Petrucci, suggesting various alternative addresses for the 'real' defendants at issue, and demanding that Plaintiff stop serving him with copies of the pleadings. After multiple failed attempts at service of the remaining two defendants, Plaintiff received email correspondence from those defendants indicating that they had heard about the pending case, but complaining that they had not been properly served. They invited Plaintiff to serve them at two addresses. One of those attempts failed. The other address was for a mail drop, and permitted only an attempt to accomplish service by certified mail (return receipt requested). Plaintiff's counsel

received a signed receipt in response to the mailing. Additionally, Plaintiff's counsel received email communication confirming that the pleadings had been received.

F.  INITIAL DISCLOSURES: In light of the circumstances of this case, Plaintiff submits that it is not necessary to exchange initial disclosures.

G.  DISPOSITIVE MOTIONS: The parties shall file dispositive motions, if any, on or before July 31, 2013. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed twenty (20) pages. No motion for partial summary judgment shall be filed except on leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

H.  ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 1 day.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY,


_s/ Alex MacKay_____
Garry K. Grooms #012647
Alexandra T. MacKay #020859
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN  37219-2376
Telephone:  (615) 244-5200
*Attorneys for Plaintiff, Fleetone Factoring, LLC*